MICHAEL J. GARCIA, CITY ATTORNEY
ANN M. MAURER, CHIEF ASSISTANT CITY ATTORNEY, SBN: 179649
CARL ARIAS, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 205068
613 E. Broadway, Suite 220
Glendale, CA 91206
Telephone: (818) 548-2080
Facsimile: (818) 547-3402
Email: carias@glendaleca.gov

Attorneys for Defendant
CITY OF GLENDALE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON JOE WILLIAMS® (sole proprietorship) and BRANDON JOE WILLIAMS (white Californian),<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF GLENDALE,<br><br>Defendant. | Case No.: 2:26-cv-08035-VBF-ADS<br><br>**DEFENDANT CITY OF GLENDALE'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CARL B. ARIAS**<br><br>[Filed Concurrently with Request for Judicial Notice and (Proposed) Order] |

TO PLAINTIFF BRANDON JOE WILLIAMS, IN PRO SE:

PLEASE TAKE NOTICE that Defendant CITY OF GLENDALE ("City"), will and hereby does move this Court to dismiss the Complaint under Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief may be granted on the following grounds: 1) The entire Complaint is barred by the doctrines of res judicata/collateral estoppel; and 2) None of the claims for relief in the Complaint are supported by the factual allegations in the Complaint.

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the papers and pleadings on file in this matter, and on such further oral or written argument as the Court may consider at the hearing on this matter.

## MEET AND CONFER COMPLIANCE

On August 20, 2026, the parties met and conferred by telephone. The parties discussed the Complaint and the issues raised in this Motion. The parties were unable to resolve any of the issues addressed in this motion. (Please see the attached Declaration of Carl B. Arias.)

DATED: August 27, 2026

MICHAEL J. GARCIA, CITY ATTORNEY

By: ______________________________

CARL B. ARIAS
Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT BACKGROUND

This is the fourth frivolous lawsuit Plaintiff Brandon Joe Williams ("Plaintiff") has filed in which he seeks to obtain free electricity from Glendale Water & Power, a department of Defendant City of Glendale ("City").

### A. First Lawsuit – District Court

On August 20, 2024, Plaintiff filed a complaint in District Court against City, alleging claims for Breach of Contract and Breach of Fiduciary Duties. Factually, Plaintiff alleged that he stamped his electricity bills "WITHOUT RECOURSE Pay to the Order of: Bearer," and then signed them. He further alleged City was required to accept Plaintiff's self-stamped electricity bills as full payment for the electricity he used, instead of actual money. On November 27, 2024, the District Court granted City's Motion to Dismiss under FRCP 12(b)(1), agreeing that there was a lack of subject-matter jurisdiction. [See **Exhibits A1 and A2** to City's Request for Judicial Notice ("RJN")]

### B. Second Lawsuit – Los Angeles County Small Claims Court

On June 30, 2025, Plaintiff filed a complaint against City titled "breach of contract" in Los Angeles County Small Claims Court (Case No.: 25PDSC01538**)**, and the factual allegations were nearly identical to his current lawsuit. The only difference between the two lawsuits is the dates for service of electricity provided in the two complaints. On August 7, 2025, the Hon. Timothy Martella ruled that Plaintiff was "to take nothing by virtue of the complaint" in the Small Claims Action. [See **Exhibit C** to RJN]

### C. Third Lawsuit – Los Angeles County Superior Court

Plaintiff next filed a complaint against City in Los Angeles County Superior Court on January 23, 2026. Again, attached as exhibits to his complaint were bills from Glendale Water & Power directed to Plaintiff for electricity provided to him. The bills were stamped, "WITHOUT RECOURSE Pay to the Order of: Bearer," and signed by Plaintiff. In sustaining City's Demurrer to the First Amended Complaint without leave to amend, and dismissing the case, the Hon. Frank M. Tavelman ruled that Plaintiff's lawsuit was

barred by the doctrines of res judicata and collateral estoppel. Judge Tavelman wrote in his Final Ruling of August 14, 2026:

> “Plaintiff filed the Small Claims Action on June 18, 2025 against Defendant on the basis that Defendant failed to process or dishonor drafts (negotiable instruments) tendered for payment, thus activating provisions in the Commercial Code. (Small Claims SC-100 Form at § 3.) In the attached complaint, Plaintiff alleged that Exhibit A included the original cover letter and unconditional orders to pay (drafts) that were sent in to perform on the account, Defendant had a duty to follow the Commercial Code, and Defendant breached that duty by failing to process or dishonor the negotiable instruments (drafts) tendered for payment. (Def.’s RJN Ex. B [Small Claims Complaint, ¶¶8-10].)
>
> Exhibit A includes a January 13, 2025 letter entitled “Letter Accompany Indorsed Original Drafts Tendered for Payment in accordance with the California Commercial Code Division 3”; and Plaintiff’s 2024 bills with his signed “Without Recourse” stamp. On August 7, 2025, Judge Martella held the non-jury trial, stating: “The Court having fully considered the parties' testimony, as well as evidence presented, rules as follows: [¶] Court orders judgment entered on the Plaintiff's Claim filed by BRANDON JOE WILLIAMS® on 06/18/2025 as follows: Plaintiff to take nothing by virtue of the complaint.” (Def.’s RJN, Ex. C [August 7, 2025 Small Claims Action Minute Order].)
>
> The Court notes that Judge Martella’s Minute Order was not limited solely to the issue of damages. **The two actions involve the same parties and the Small Claims Action proceeded to a final judgment. The allegations of this FAC and the Small Claims Action’s Complaint appear to be similar in their basic allegations regarding Defendant’s breach under the Commercial Code, though the claims in this action are for a different billing period (2025 bills) than the**

**Small Claims Action (2024 bills). Nevertheless, the same claims were at issue, such that res judicata and collateral estoppel may apply.”**

[(Emphasis added); See **Exhibits E1 and E2** to RJN]

### D. Fourth Lawsuit – District Court

In this current lawsuit, Plaintiff again alleges that he “tendered some negotiable instruments which are classified as drafts under the California Commercial Code.” [Complaint, ¶18] As in his previous frivolous lawsuits, Plaintiff has again attached as exhibits to the Complaint bills from Glendale Water & Power directed to him for electricity he used. The bills are stamped, “WITHOUT RECOURSE Pay to the Order of: Bearer,” and signed by Plaintiff. [Complaint, ¶18, and Exhibits A, B and C to Complaint] Plaintiff alleges yet again that City is obligated to accept these self-stamped electricity bills as full payment for the electricity he used, rather than U.S. money.

## II. <u>PLAINTIFF’S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL</u>

“Under collateral estoppel, **once a court has decided an issue of fact** or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.” [citation]. Under both California and federal law, collateral estoppel applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.” *Hydranautics v. FilmTec Corp*., 204 F.3d 880, 885 (9th Cir. 2000) (emphasis added); *Younan v. Caruso,* 51 Cal.App.4th 401, 406–407; *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996).

Here, Plaintiff’s entire Complaint is barred by the doctrines of res judicata and collateral estoppel. Despite having two courts rule squarely against him on the merits, he continues to make the same factual allegations, *i.e*, that City is obligated to accept his self-stamped and signed invoices as full payment for his electricity bills, instead of U.S.

money. Further, the Complaint again relies on the California Commercial Code for Plaintiff's absurd allegations. It is immaterial that Plaintiff now relies on various inapplicable federal authorities for his current claims – two California courts have already decided this issue.

## III. PLAINTIFF'S CLAIMS ARE UNSUPPORTED BY THE ALLEGATIONS

As a separate basis for the granting of this Motion, the Complaint fails to state a claim upon which relief may be granted because none of the claims for relief are supported by the factual allegations in the Complaint.

Plaintiff alleges claims for: Peonage (1st and 4th claims), Involuntary Servitude (2nd claim), Forced Labor (3rd claim), Deprivation of Rights (5th claim), Violation of First Amendment (6th and 7th claims), Violation of the Fourth Amendment (8th and 9th claims), Violation of the Fifth Amendment (10th and 11th claims), Violation of the Ninth Amendment (12th claim), Violation of the 13th Amendment (13th claim), and Violation of the 14th Amendment (14th claim).

None of these claims are supported by a factual allegation, even if accepted as true, that City "improperly" failed to accept Plaintiff's self-stamped and signed electricity bills as full payment for the electricity he used, instead of U.S. money.

## IV. REQUESTED RELIEF

For the reasons stated above, City respectfully requests that the Court grant the Motion and dismiss the Complaint in its entirety and without leave to amend.

DATED: August 27, 2026

MICHAEL J. GARCIA, CITY ATTORNEY

By: [signature]

CARL B. ARIAS
Attorneys for Defendant

**DECLARATION OF CARL B. ARIAS**

I, Carl B. Arias, declare as follows:

1. I am an attorney at law duly authorized to practice before this Court and all Courts of this state and I am a Principal Assistant City Attorney for the City of Glendale, City Attorney's Office, counsel for Defendant in the above-entitled action. I have personal knowledge of the facts stated herein and if called to testify as to any of those matters, I could and would competently do so.

2. On August 20, 2026, I spoke with Plaintiff by telephone to discuss the issues raised in this Motion. We were unable to reach an agreement that would make this Motion unnecessary.

3. I am the attorney that defended City in Plaintiff's Los Angeles County Superior Court action, Case No.: 26NNCV00519. I note that on or about March 12, 2026, I spoke with Plaintiff by telephone to meet and confer with him before filing the first Demurrer to his complaint in the Los Angeles County Superior Court case. During the call, Plaintiff said that if the Court dismissed his case, he would continue to refile it "1000 times."

4. On August 14, 2026, the Hon. Frank M. Tavelman ruled that Plaintiff's Superior Court action was barred by the doctrines of res judicata and collateral estoppel. True and correct copies of Judge Tavelman's Final Ruling is attached to the Request for Judicial Notice as Exhibits E1 and E2.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 27th day of August 2026, at Glendale, California

Carl Arias

Carl B. Arias