# EXHIBIT A1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:24-cv-07039-HDV-PD** | Date | November 27, 2024 |
| Title | ***Brandon Joe Williams v. City of Glendale*** | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **IN CHAMBERS—ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NOS. 20, 21]**

On August 16, 2024, Plaintiff Brandon Joe Williams filed this action against Defendant City of Glendale, aka Glendale Water & Power, alleging claims for breach of contract and breach of fiduciary duties. Complaint ¶¶ 12, 14–15 [Dkt. No. 1]. Plaintiff was a Glendale Water & Power customer, and his claims appear to stem from a bill he received for $356.30 from Defendant in December 2023. *See* Complaint, Ex. A.

Before the Court is Defendant's Motion to Dismiss ("Motion") [Dkt. Nos. 20–21]. based on Federal Rule of Civil Procedure 12(b)(1). Defendant argues that, accepting the allegations of the Complaint as true, there is no subject matter jurisdiction because the Complaint does not invoke or depend upon any federal law, and because there is no diversity jurisdiction. Motion at 3.

The Court agrees. Parties may seek a Rule 12(b)(1) dismissal based "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Federal courts possess limited jurisdiction, meaning they have jurisdiction only over matters authorized by the Constitution and Congressional statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Once a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Subject matter jurisdiction can be predicated either on a federal question or on diversity. *See* 28 U.S.C.A. §§ 1331, 1332. Neither basis can be established here. Plaintiff's Complaint alleges causes of action for breach of contract and breach of fiduciary duties. Complaint ¶¶ 11,16. These are both state law claims. There is simply no federal question whatsoever. Nor can subject matter jurisdiction be grounded on diversity here. Both parties are citizens of California and Plaintiff's requested relief of $4,000 is more than an order of magnitude less than the required $75,000 amount in controversy needed to establish diversity jurisdiction.

For these reasons, the Motion is granted, with leave to amend. Any amendment shall be filed with thirty (30) days.

**IT IS SO ORDERED.**