# EXHIBIT E1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

North Central District, Burbank Courthouse, Department A

**26NNCV00519**
**BRANDON JOE WILLIAMS® vs CITY OF GLENDALE**

August 14, 2026
9:00 AM

Judge: Honorable Frank M. Tavelman
Judicial Assistant: Lorna Garcia
Courtroom Assistant: Dennis Carroll

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike to First Amended Complaint Filed by Deft City of Glendale

The matter is called for hearing.

The Court reads and considers the moving papers and opposition.

The Court's tentative ruling is posted online for the parties to review.

The parties request to argue the tentative ruling.

After argument, the Court adopts the tentative ruling as the final order.

ALLEGATIONS:

On January 23, 2026, Brandon Joe Wiliams ® ("Plaintiff"), a sole proprietorship, filed the initial Complaint against City of Glendale ("Defendant") for: (1) Declaratory Relief: Discharge of Claim (Commercial Code § 3311; C.C.P. § 1060); and (2) Injunctive Relief to Keep Power on During These Proceedings (C.C.P. § 526; Public Utilities Code, § 2106). Plaintiff alleges that power to his apartment was turned off on January 13, 2026 from 10:00 a.m. to 5:00 p.m., such that he had to use his credit card to turn the power back on, even though all previous payments had been made.

On June 17, 2026, Plaintiff filed a First Amended Complaint ("FAC") for: (1) Failure to Dishonor or Apply as a Payment the Instrument/payment Tendered in Exhibit C (Commercial Code, § 1305); (2) Failure to Dishonor or Apply as a Payment the Instrument/payment Tendered in Exhibit D; (3) Failure to Dishonor or Apply as a Payment the Instrument/payment Tendered in Exhibit E; (4) Tom Bane Civil Rights Act Violation (C.C.P. § 52.1); (5) Power Turned Off Illegally Violating Public Utility Code § 2106; (6) Proposition 218 Challenge; (7) Violation of Article I, Section 1 of the 1879 California Constitution; (8) Violation of Article I, Section 6 of

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

the 1879 California Constitution; (9) Violation of Article I, Section 7 of the 1879 California Constitution; (10) Violation of Article I, Section 13 of the 1879 California Constitution; (11) Violation of Article II, Section 1 of the 1879 California Constitution; (12) Violation of Article IV, Section 16(a) of the 1879 California Constitution; (13) Violation of Article XI, Section 7 of the 1879 California Constitution; (14) Violation of Article I, Section 1 of the 1849 California Constitution; (15) Violation of Article I, Section 2 of the 1849 California Constitution; (16) Violation of Article I, Section 11 of the 1849 California Constitution; (17) Violation of Article I, Section 18 of the 1849 California Constitution; (18) Violation of Article I, Section 19 of the 1849 California Constitution; and (19) Violation of Article I, Section 21 of the 1849 California Constitution.

MOTION ON CALENDAR:

On July 20, 2026, Defendant filed a Demurrer to the FAC. On July 27, 2026, Plaintiff filed an opposition. On August 6, 2026, Defendant filed a reply.

LEGAL STANDARD:

The grounds for a demurrer must appear on the face of the pleading or from judicially noticeable matters. (C.C.P. § 430.30(a); Blank v. Kirwan (1985) 39 Cal. 3d 311, 318.) A demurrer for sufficiency tests whether the complaint states a cause of action. (Hahn v. Mirda (2007) 147 Cal.App.4th 740, 747.) The only issue involved in a demurrer hearing is whether the complaint states a cause of action. (Id.)

A demurrer assumes the truth of all factual, material allegations properly pled in the challenged pleading. (Blank, supra, 39 Cal. 3d at p. 318.) No matter how unlikely or improbable, the plaintiff's allegations must be accepted as true for the purpose of ruling on the demurrer. (Del E. Webb Corp. v. Structural Materials Co. (1981) 123 Cal. App. 3d 593, 604.) But this does not include contentions; deductions; conclusions of fact or law alleged in the complaint; facts impossible in law; or allegations contrary to facts of which a court may take judicial notice. (Blank, supra, 39 Cal. 3d at 318.)

Pursuant to C.C.P. §§ 430.10(e) and (f), the party against whom a complaint has been filed may demur to the pleading on the grounds that the pleading does not state facts sufficient to constitute a cause of action, or that the pleading is uncertain, ambiguous and/or unintelligible. It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. (Schifando v. City of Los Angeles (2003) 31 Cal. 4th 1074, 1082.)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
North Central District, Burbank Courthouse, Department A

**26NNCV00519**
**BRANDON JOE WILLIAMS® vs CITY OF GLENDALE**

August 14, 2026
9:00 AM

Judge: Honorable Frank M. Tavelman
Judicial Assistant: Lorna Garcia
Courtroom Assistant: Dennis Carroll

CSR: None
ERM: None
Deputy Sheriff: None

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

MEET AND CONFER:

C.C.P. §§ 430.41(a) and 435.5(a) require that the moving party meet and confer with the party who filed the pleading that is subject to the demurrer and/or motion to strike. Upon review, the Court finds the meet and confer requirements were met. (See Arias Decl., ¶2, Ex. A.)

REQUEST FOR JUDICIAL NOTICE:

Defendant seeks judicial notice of Exhibits: (B) Plaintiff's Claim and Order to Go to Small Claims Court, filed June 18, 2025 in Small Claims Court Case No. 25PDSC01538 ("Small Claims Action"); and (C) the August 7, 2025 Order issued by Judge Timothy Martella following the trial. The request is granted. (Evid. Code, § 452(d).)

ANALYSIS:

Defendant demurs to each cause of action, arguing that they fail to state sufficient facts and are uncertain, and to the entirety of the Complaint on the ground that it is barred by res judicata and collateral estoppel.

A. Res Judicata and Collateral Estoppel – Sustained Without Leave to Amend

Res judicata, or claim preclusion, prevents the relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. (Gabriel v. Wells Fargo Bank, N.A. (2010) 188 Cal.App.4th 547, 556.) Res judicata applies if: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." (Boekenn v. Philip Morris USA, Inc. (2010) 48 Cal.4th 788, 797.) Collateral estoppel, or issue preclusion, precludes the relitigation of issues argued and decided in prior proceedings and applies only if: "(1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding." (Gabriel, supra, 188 Cal.App.4th at 556.) "The law is settled that a 'prior final judgment on the merits not only settles issues that were not actually litigated but also every issue that might have been raised and litigated in the first action.' [Citation.] When a matter is within the 'scope of the [prior] action, related to the subject matter and relevant to the issues, so that it could have been

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

raised, the judgment is conclusive on it.... Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable….'" (Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp. (2013) 214 Cal.App.4th 1520, 1529.)

"A small claims plaintiff is collaterally estopped from relitigating the same issue in superior court where the record is sufficiently clear to determine that the issue was litigated and decided against plaintiff in the small claims action. [Citation.] In addition, it is well-settled that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." (Bailey v. Brewer (2011) 197 Cal.App.4th 781, 791.)

Defendant argues that the FAC is barred by res judicata and collateral estoppel because Plaintiff filed a breach of contract claim in the Small Claims Court wherein that case and this case both relied on nearly identical factual allegations despite differences in the dates of service. In opposition, Plaintiff argues that Small Claims Action does not have res judicata or claim preclusion affect because the Small Claims Action was dismissed for lack of damages; the First to Third Causes of Action claims are statutory in nature, do not require damages, and this case has actual damages; and the doctrines have no effect on the Fourth to Nineteenth Causes of Action.

Plaintiff filed the Small Claims Action on June 18, 2025 against Defendant on the basis that Defendant failed to process or dishonored drafts (negotiable instruments) tendered for payment, thus activating provisions in the Commercial Code. (Small Claims SC-100 Form at § 3.) In the attached complaint, Plaintiff alleged that Exhibit A included the original cover letter and unconditional orders to pay (drafts) that were sent in to perform on the account, Defendant had a duty to follow the Commercial Code, and Defendant breached that duty by failing to process or dishonor the negotiable instruments (drafts) tendered for payment. (Def.'s RJN Ex. B [Small Claims Complaint, ¶¶8-10].) Exhibit A includes a January 13, 2025 letter entitled "Letter Accompany Indorsed Original Drafts Tendered for Payment in accordance with the California Commercial Code Division 3"; and Plaintiff's 2024 bills with his signed "Without Recourse" stamp. On August 7, 2025, Judge Martella held the non-jury trial, stating: "The Court having fully considered the parties' testimony, as well as evidence presented, rules as follows: [¶] Court orders judgment entered on the Plaintiff's Claim filed by BRANDON JOE WILLIAMS® on 06/18/2025 as follows: Plaintiff to take nothing by virtue of the complaint." (Def.'s RJN, Ex. C [August 7, 2025 Small Claims Action Minute Order].) The Court notes that Judge Martella's Minute Order was not limited solely to the issue of damages.

The two actions involve the same parties and the Small Claims Action proceeded to a final

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

judgment. The allegations of this FAC and the Small Claims Action's Complaint appear to be similar in their basic allegations regarding Defendant's breach under the Commercial Code, though the claims in this action are for a different billing period (2025 bills) than the Small Claims Action (2024 bills). Nevertheless, the same claims were at issue, such that res judicata and collateral estoppel may apply.

Defendant argues that the prior action was dismissed for lack of damages and that arguably this would only bar the First to Third Causes of Action, but also argues that his claims do not require damages and, even if they did, this action includes damages such that it is different from the Small Claims Action. Regardless of whether Plaintiff can claim damages, this argument is not persuasive as the matter nonetheless proceeded to a final judgment on the merits.

In the FAC, Plaintiff provides a flowchart as Exhibit A, alleging that Defendant issued a draft, which Drawee Brandon Joe Williams® (sole proprietorship) received and which Owner of Drawee Brandon Joe Williams (individual) became the draft holder; Williams indorsed the draft on behalf of the sole proprietorship (Plaintiff includes a note, stating: "This is the point when the instrument is now 'accepted' in accordance with [California Commercial Code] § 3409(a). If Brandon Joe Williams rejected ('dishonored') the draft, then the drawer would actually be liable to pay the instrument in accordance with CCC § 3414(b). This is exactly why [California Evidence Code] § 633 and § 634 exist. CITY OF GLENDALE would be legally forced to pay the bill. If they didn't pay it, the holder (Brandon Joe Williams) can actually turn around and sue the drawer for nonpayment."); payment was tendered using the same draft that was originally issued to Defendant; and Defendant could either accept or dishonor the draft. (FAC, Ex. A.)

Based on the Court's understanding of Plaintiff's position, Plaintiff alleges and argues that because Plaintiff was issued the draft and Williams indorsed the draft with the "WITHOUT RECOURSE" stamp (see e.g., FAC, Ex. C), "payment" was thereby tendered such that Defendant is now the issuer and draft holder.

Evidence Code, § 633 states: "An obligation delivered up to the debtor is presumed to have been paid." Section 634 state: "A person in possession of an order on himself for the payment of money, or delivery of a thing, is presumed to have paid the money or delivered the thing accordingly." (Evid. Code, § 634; see Smith v. Harper (1855) 5 Cal. 329, 330 ["Where the holder of a note accepts a draft or check in payment, it has usually been held, that he is not bound to give up the note before payment of the draft or check, and if he does so, the indorsers are discharged thereby."].)

Plaintiff's reliance on the Evidence Code is misplaced. The Evidence Code is a set of rules used

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

in the court system to ascertain what evidence may be admissible and considered before the trier of fact. The Evidence Code is not meant to be used as a sword and shield for payment obligations or to shift the burden of who pays bills. Plaintiff's reliance on the Evidence Code on the basis that he stamped and endorsed the bills and sent them back to Defendant does not negate his obligation to make payments on the bills or shift the draft holder to Defendant.

Next, Plaintiff argues that damages are not required in this action based on Commercial Code, § 1305. Section 1305 states:

(a) The remedies provided by this code shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special damages nor penal damages may be had except as specifically provided in this code or by other rule of law.

(b) Any right or obligation declared by this code is enforceable by action unless the provision declaring it specifies a different and limited effect.

(Cal. U. Com. Code, § 1305.)

Again, this section does not stand for the proposition that damages are not required for a Commercial Code claim. Rather, it delineates what type of damages are allowed. Plaintiff alleges that section 1305 does not require damages to establish a cause of action. (FAC, ¶49.) He alleges that no payment was registered on his account such that he was an aggrieved party. (Id., ¶¶56-57.) He alleges that while he "duly tendered valid negotiable instruments (Exhibits C, D, and E)," his electrical power was shut off until after an additional credit-card payment. (Id., ¶¶82-83.)

For the same reasons discussed in the Court's order on the demurrer to the Complaint, this action is barred by res judicata and collateral estoppel. Though Plaintiff argues that he need not allege damages, this was a matter that was previously adjudicated in the Small Claims Action as the Small Claims Court considered the parties' testimony and evidence (including damages) and concluded Plaintiff would take nothing by virtue of the Small Claims Complaint.

Furthermore, though Plaintiff has added numerous new causes of action to the FAC, the same defect persists as the additional causes of action are all based on the same allegations regarding his electrical bills, Defendant's alleged failure to accept his tendered instruments (i.e., the bills with the addition of his signed stamp), and the electrical power being turned off until he paid the bill with a credit card.

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

Although this action involves differently dated bills, the same claims and issues were already presented in the Small Claims Action. The Court raised similar concerns in its order on the demurrer to the initial Complaint. The same issues regarding res judicata still persist. As it does not appear that this issue can be cured, the demurrer to the FAC is sustained without leave to amend.

B. Statutory Basis – Sustained Without Leave to Amend

The filing of a government claim is a condition precedent to suing a public entity. (Donohue v. State of California (1986) 178 Cal.App.3d 795, 802; Govt. Code, § 945.4.) "Presentation of a claim, when required by law, is a mandatory prerequisite to maintenance of any cause of action against a public entity. [Citation.] In those circumstances in which a claim must be presented, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer. [Citation.] Actions for breach of contract fall within the scope of claims for money or damages and thus compliance with the Tort Claims Act filing requirements is compelled. [Citation.]" (Dilts v. Cantua Elementary School Dist. (1987) 189 Cal.App.3d 27, 31.)

Government Code, § 815(a) states that except as otherwise provided by statute, "A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

Defendant argues that Plaintiff has not identified any statutory basis for his claims.

The Complaint references the Commercial Code, Evidence Code, Public Utilities Code, and California Constitution (1879 and 1849 versions) for statutory definitions and characterizations of bills, drafts, etc.

Plaintiff has not alleged how the Commercial Code applies to this set of facts, how Defendant's alleged action of turning off the power implicates the Code, and how the Commercial Code constitutes a statutory basis to allege claims against a public entity like Defendant. As discussed above, Plaintiff also improperly relies on the Evidence Code, such that the Evidence Code cannot and will not be a basis to impose liability against Defendant. In the Fourth Cause of Action, Plaintiff alleges Defendant violated Civil Code, § 52.1 by intentionally shutting off the power and forcing Plaintiff through intimidation to pay the obligation. (FAC, ¶¶82-84.) However, Plaintiff's arguments rely on the Commercial Code and Evidence Code for his position that he was coerced, but these statutes do not provide a valid basis for statutory liability against Defendant. Next, in the Fifth to Nineteenth Causes of Action, Plaintiff alleges that Defendant

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM

violated Public Utility Code, § 2106, Proposition 218, and the California Constitution by not accepting his stamped bills (in lieu of Plaintiff paying bills) but, for the same reasons above, Plaintiff has not alleged under the law how his stamped bills constitute a negotiable instrument and his reliance on the Commercial Code and Evidence Code are misplaced. The Court has reviewed Plaintiff's allegations in the FAC and finds that the FAC fails to allege a valid statutory basis for liability against Defendant based on the set of facts asserted against it.

Thus, the demurrer on this basis is sustained without leave to amend.

C. Uncertainty – Sustained Without Leave to Amend

Defendant argues that the FAC is uncertain and unintelligible because the FAC fails to allege how stamped and unpaid electricity bills addressed to Plaintiff form the basis for any type of request for relief, or how stamping and signing the electricity bills would entitle him not to pay anything.

Relevant portions of the FAC have already been summarized above, including Exhibit A's flowchart. Exhibits C, D, and E include the August 18, 2025, October 15, 2025, and December 16, 2025 Municipal Bills from Defendant to Plaintiff with Plaintiff's red stamp and signature stating:

WITHOUT RECOURSE
Pay to the Order of:
Bearer
By: [Plaintiff's signature]
Williams, Brandon Joe, agent

(FAC, Exs. C-E.)

As argued by Defendant, it is unclear how these letters and bills revised by Plaintiff with his stamps provide a basis for a claim against Defendant. This was previously discussed by the Court in the demurrer to the initial Complaint (though directed at Plaintiff's previously asserted declaratory and injunctive relief claims) and the same issue persists.

As it does not appear that this can be cured upon amendment, the demurrer on this basis is sustained without leave to amend.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

North Central District, Burbank Courthouse, Department A

**26NNCV00519**
**BRANDON JOE WILLIAMS® vs CITY OF GLENDALE**

August 14, 2026
9:00 AM

Judge: Honorable Frank M. Tavelman
Judicial Assistant: Lorna Garcia
Courtroom Assistant: Dennis Carroll

CSR: None
ERM: None
Deputy Sheriff: None

---

RULING:

In the event the parties submit on this tentative ruling, or a party requests a signed order or the court in its discretion elects to sign a formal order, the following form will be either electronically signed or signed in hard copy and entered into the court's records.

ORDER

Defendant City of Glendale's Demurrer came on regularly for hearing on August 14, 2026, with appearances/submissions as noted in the minute order for said hearing, and the court, being fully advised in the premises, did then and there rule as follows:

THE DEMURRER TO THE FIRST AMENDED COMPLAINT IS SUSTAINED WITHOUT LEAVE TO AMEND.

ALL EXISTING DATES ARE ADVANCED AND VACATED.

DEFENDANT TO FILE A JUDGMENT CONSISTENT WITH THIS RULING WITHIN 10 DAYS.
ORDER TO SHOW CAUSE RE: JUDGMENT IS SET FOR SEPTEMBER 9, 2026 (NON-APPEARANCE)

DEFENDANT TO PROVIDE NOTICE.

IT IS SO ORDERED.

Order to Show Cause Re: Judgment (Non-Appearance) is scheduled for 09/08/2026 at 09:00 AM in Department A at Burbank Courthouse.

On the Court's own motion, the Case Management Conference scheduled for 11/03/2026 is advanced to this date and vacated.

SEE NUNC PRO TUNC MINUTE ORDER OF 08/14/2026 4:44 PM