Brandon Joe Williams
PO Box 1962, Glendale, CA 91209
(747) 273-0799 (Phone and Fax)
Brandon@WilliamsandWILLIAMSLawFirm.com

Brandon Joe Williams, IN PRO PER FOR BOTH PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT of CALIFORNIA**

**WESTERN DIVISION (LOS ANGELES)**

| | |
|---|---|
| BRANDON JOE WILLIAMS® (sole proprietorship), Brandon Joe Williams (white Californian)<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF GLENDALE,<br><br>Defendant | Case No.: 2:26-cv-08035-VBF-ADS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. Valerie Baker Fairbank via Magistrate Hon. Autumn D. Spaeth<br><br>Hearing: September 30, 2026 at 10:00am 411 West Fourth Street, Santa Ana, California 92701. 6th Floor. |

COMES NOW the Plaintiffs, sole proprietorship BRANDON JOE WILLIAMS® and white citizen of California Brandon Joe Williams (hereinafter "Plaintiffs"), pro per, and files this response in opposition against Defendant CITY OF GLENDALE (hereinafter "Defendant") as regards to their motion to dismiss and request for judicial notice:

## <u>SECTION 1 - MEET AND CONFER REQUIREMENTS NOT MET UNDER L.R. 7-3</u>

In L.R. 7-3, it is said (bolds used for attention): "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel **to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.**"

The complaint was not "discussed thoroughly." We spoke briefly about Count 1 of the complaint as well as what "US currency" is. Mr. Arias wanted to end the phone call shortly after that. No potential resolution was discussed. Plaintiffs do not believe L.R. 7-3 was complied with in this case.

## SECTION 2 - CASE BACKGROUND

A. First Lawsuit – District Court

Yes, the Plaintiffs were still learning as new litigants and this was a very poor complaint that failed to establish jurisdiction. The Plaintiffs apologize for that.

**The draft (negotiable instrument) in question in this case was ONLY bill date: 12/27/2023. Plaintiffs have never attempted to re-litigate this specific draft.**

B. Second Lawsuit – Los Angeles County Small Claims Court

Yes, this was a small claims case that was dismissed specifically and only due to lack of damages. The Justice actually complimented the Plaintiffs' ability to do legal research but he said the case could simply not progress due to lack of damages in order to structure a cause of action under a "breach of contract."

Opposing counsel, Mr. Arias, was not a witness of this small claims case so he cannot say how or why the case was dismissed (hearsay) beyond the very vague "to take nothing by virtue of the complaint." This is a very common wording in small claims court used in most cases and is essentially just "legalese" for "general dismissal." The opposing counsel is attempting to make that terminology mean more than what it actually does through some kind of a presumption.

Because the Plaintiffs were actually there at the small claims case in person, it is hereby sworn testimony that this case was EXCLUSIVELY and ONLY dismissed due to a lack of damages on the

"breach on contract" cause of action. **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

When this case was originally dismissed for lack of damages to establish the cause of action, Plaintiffs thought we would simply do what was required to establish the damages and then we would be able to bring this case back and get relief and clarification on the subject. Instead, opposing counsel has transformed this previous small claims case into a procedural nightmare and has essentially barred Plaintiffs' ability to sue on all future negotiable instrument causes of action. This incorrectly gives the Defendant de facto financial immunity, forever.

**The drafts (negotiable instruments) in question in this case were ONLY bill dates: 2/23/2024, 4/23/2024, 6/24/2024, 8/21/2024, 10/22/2024, 12/19/2024. Plaintiffs have never attempted to re-litigate these specific drafts.**

C. Third Lawsuit – Los Angeles County Superior Court

Once the Plaintiffs had established the necessary damages that were missing in the previous small claims case, this new State case was established to then achieve clarity and relief on the situation regarding an entirely new set of drafts. It was clearly communicated through letters that are available to this Court, if needed, that Plaintiffs were waiting to establish damages to bring another case. This was clearly communicated to the Defendant multiple times to notice them of the intent to clear up the problems already established (lack of damages) and re-litigate the original claims in order to bring clarity and closure to this situation.

This case was incorrectly dismissed for res judicata when major issues make res judicata impossible, which will be covered in detail in another section of this response.

**The drafts (negotiable instruments) in question in this case were ONLY bill dates: 8/18/2025, 10/15/2025, 12/16/2025. Plaintiffs have never attempted to re-litigate these specific**

**drafts (the Superior Court case had the State causes of action and this Federal case we are currently in contains the Federal causes of action regarding those drafts).**

## SECTION 3 - RES JUDICATA AND CLAIM PRECLUSION

There is a massive and distinct difference between the small claims lawsuit (lawsuit B above), the Superior Court lawsuit (lawsuit C above) and this Federal case that makes res judicata and claim preclusion in this Federal case impossible (despite the ruling done in the Superior Court case, which is going to be appealed):

1. As already described above, the unconditional orders to pay (drafts) in each case were entirely different negotiable instruments with no nexus between them. Mr. Arias downplays this by pretending that these are not valuable negotiable instruments in an effort to attempt to delude this Honorable Court. Plaintiffs hope this Court does not fall victim to such trickery.

2. The small claims case was dismissed for lack of damages needed to structure a cause of action, which was "breach of contract." All previous cases only contain State causes of action. This case contains entirely and only Federal causes of action.

3. This case has real and tangible damages above and beyond the theft of valuable tendered drafts without consideration. The previous small claims case (case B above) did not.

4. This case has specific Federal statutory causes of action. The previous small claims case and State case (cases B and C) had no Federal statutory causes of action.

5. This case has specific Constitutional causes of action under our Federal Constitution. The previous small claims case nor the State case cases B or C above) had any Federal Constitutional causes of action.

6. A brand new party was introduced in the First Amended Complaint in the State case (case C above), Brandon Joe Williams the white citizen of California. The previous small claims case only had one Plaintiff, which was the US citizen and sole proprietorship named BRANDON JOE WILLIAMS®. **This point will be handled in more detail in a separate section of this response.**

7. Since the cases involved in this lawsuit involve entirely separated valuable negotiable instruments that have no legal or financial nexus to one another, these are cases which describe how a later but separate breach of obligation would not then be precluded or have res judicata just because there was a previous but very separate breach: *Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), Media Rights Technologies, Inc. v. Microsoft Corp., 917 F.3d 1107 (9th Cir. 2019), English v. English (1937) 9 Cal.2d 358.*

8. To say that any of these cases have been truly litigated is an absolute travesty and appears to be the trickery of choice used by the Defendant's counsel. **Mr. Arias is making this situation seem like it's "settled law" when we have literally never even had a meaningful meet and confer call.** The Defendant is a rogue agency that is getting away with shunting and disregarding our commercial code laws without any sort of penalty. Plaintiffs plead for this Federal Court to bring this rogue 14th Amendment citizen (Defendant) under control. The Defendant is a citizen of the Federal government and, as such, must be brought to kneel before the statutory laws that apply to any citizen under the 14th Amendment.

## SECTION 4 - THE SOLE PROPRIETORSHIP CANNOT BE A CITIZEN OF A STATE UNDER ARTICLE IV, SECTION 2, CLAUSE 1 OF THE US CONSTITUTION

One of the aspects of res judicata and claim preclusion is the idea of there being the same parties in the case or causes of action. Brandon Joe Williams, the white Californian, was first introduced as a party in the First Amended Complaint in the California State case. He was never a party in any of the previous cases (small claims or Federal) and he was also not a party on the original complaint in the State Superior Court case.

This presumption that the sole proprietorship and the owner are the same "person" has no distinguishable case law that the Plaintiffs can find on the subject which describes how or why it is possible and, in this specific situation, the idea that it would be possible is truly not feasible.

The reason why is because the sole proprietorship is described as a "business" in most respects and it is described also as a "disregarded entity."

In 28 U.S.C. § 1391(c)(2), it is said (bold added for attention):

> "an entity with the capacity to sue and be sued in its common name under applicable law, **whether or not incorporated**, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business."

In FRCP 17(b)(3)(A) it is said (bold added to bring attention):

> "a partnership **or other unincorporated association** with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws."

In FRCP 23.2 it is said (bold added to bring attention):

> "This rule applies to an action **brought by or against the members of an unincorporated association** as a class by naming certain members as representative parties. The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members. In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e)."

*****

In *Paul v. Virginia, 75 U.S. 168 (U.S. Supreme Court 1869)*, the Honorable Stephen Johnson Field made it abundantly clear that artificial persons may not be citizens of a State. Here is the exact quote:

> "It was contended that the statute in this particular was in conflict with that clause of the Constitution which declares that "the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States," and the clause which declares that Congress shall have power "to regulate commerce with foreign nations and among the several States." The same grounds are urged in this Court for the reversal of the judgment.
>
> The answer which readily occurs to the objection founded upon the first clause consists in the fact that corporations are not citizens within its meaning. The term citizens as there used applies only to natural persons, members of the body politic, owing allegiance to the State, not to artificial persons created by the legislature, and possessing only the attributes which the legislature has prescribed."

In *ELLEN R. VAN VALKENBURG v. ALBERT BROWN 43 Cal. 43 (California Supreme Court - 1872)* the Honorable California Chief Justice William T. Wallace made it abundantly clear that the only race of natural person that may become a citizen of a State under Art IV, Section 2, Clause 1 is that of the white race (he is referring to the 13th, 14th and 15th Amendments):

> "No white person born within the limits of the United States, and subject to their jurisdiction, or born without those limits, and subsequently naturalized under their laws, owes the status of citizenship to the recent amendments to the Federal Constitution. The history and aim of the Fourteenth Amendment is well known, and the purpose had in view in its adoption well understood. That purpose was to confer the status of citizenship upon a numerous class of persons domiciled within the limits of the United States, who could not be brought within the operation of the naturalization laws because native born, and whose birth, though native, had at the same time left them without the status of citizenship. These persons were not white persons, but were, in the main, persons of African descent, who had been held in slavery in this country, or, if having themselves never been held in slavery, were the native-born descendants of slaves. Prior to the adoption of the Fourteenth Amendment it was settled that neither slaves, nor those who had been such, nor the descendants of these, though native and free born, were capable of becoming citizens of the United States. (Dred Scott v. Sanford, 19 How. 393.) The Thirteenth Amendment, though conferring the boon of freedom upon native-born persons of African blood, had yet left them under an insuperable bar as to citizenship; and it was mainly to remedy this condition that the Fourteenth Amendment was adopted."

The central case giving clarity regarding the differences between State and Federal citizenship is the *Slaughterhouse Cases, 83 U.S. 36 (1873)*. The Honorable Associate Supreme Court Justice Ward Hunt, who was one of the 5 Justices who personally voted for and approved the *Slaughterhouse Cases, 83 U.S. 36 (1873)* earlier in the same year, was riding circuit in the infamous Susan B. Anthony case

(*United States v. Anthony, 24 F. Cas. 829 (C.C.N.D.N.Y. 1873) (No. 14,459) (June 18, 1873)*). This is what he had to say on the subject (two quotes - bolds and underlines added to bring attention):

1. The fourteenth amendment **<u>creates and defines citizenship of the United States</u>**. It had long been contended, and had been held by many learned authorities, and had never been judicially decided to the contrary, that there was no such thing as a citizen of the United States, except as that condition arose from citizenship of some state. No mode existed, it was said, of obtaining a citizenship of the United States, except by first becoming a citizen of some state.

2. After creating and defining citizenship of the United States, the fourteenth amendment provides, that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." **This clause is intended to be a protection, not to all our rights, but to our rights as citizens of the United States only**; that is to rights existing or belonging to that condition or capacity. **The expression, citizen of a state, used in the previous paragraph, is carefully omitted here. In article 4. § 2, subd. 1. of the constitution of the United States, it had been already provided, that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." The rights of citizens of the states and of citizens of the United States are each guarded by these different provisions. That these rights are separate and distinct, was held in the Slaughterhouse Cases, 16 Wall. [83 U. S.] 36, recently decided by the supreme court. The rights of citizens of the state, as such, are not under consideration in the fourteenth amendment. They stand as they did before the adoption of the fourteenth amendment, and are fully guaranteed by other provisions.**

*****

Brandon Joe Williams was born as a white citizen of Indiana (not as a US citizen) and has since become a citizen of California under the California Constitution of 1849 and Art IV, Section 2, Clause 1 of the US Constitution.

BRANDON JOE WILLIAMS® is an artificial person and, as such, does not qualify for State citizenship (incorporated or not, he is still an "entity" that would not qualify to be a natural person). He only qualifies to be a 14th Amendment citizen in accordance with *Santa Clara County v. Southern Pacific Railroad Co., 118 U.S. 394 (US Supreme Court - 1886)*.

If Brandon Joe Williams said he was a "citizen of the United States," a "US citizen," or a "14th Amendment citizen," he would be committing treason to both California as well as the United States as a compact. The only correct punishment for such an egregious crime would be death.

The privileges and immunities of white citizens of the States are far beyond 14th Amendment persons simply because we are the original successor trustees of the US Constitution; we are essentially sitting in the exact same seats as the Founding Fathers. We have many more responsibilities in terms of the operation of this country and we also enjoy tremendous sovereignty and benefits, such as the 9th and 10th Amendments (which 14th Amendment citizens do not enjoy). There is a price for our sovereignty and there is nothing that pleases Brandon Joe Williams more than bearing the weight of this country as a succeeding Founding Father. To him this is not an obligation but a gift from God.

If BRANDON JOE WILLIAMS® said he was a citizen of California, he would be violating the US Constitution and long-established case law.

Even if BRANDON JOE WILLIAMS® was somehow legally considered a natural person, how would his race be determined in order to verify he is "white" in order to qualify for citizenship of a State? This is a laughable and impossible situation. Also, how would Brandon Joe Williams be able to operate in today's world without operating via BRANDON JOE WILLIAMS®? He would not be able to have a negotiable instrument bank account, he would not be able to get a passport, etc. Almost everything in our system operates under the 14th Amendment exclusively. Brandon Joe Williams can only use gold and silver coins as tender in payment of debts in accordance with Art I, Section 10 of the US Constitution.

Brandon Joe Williams has written an extensive free online website which covers the entire timeline of State and Federal citizenship, complete with exact quotes from all salient cases. This online document is called "A Treatise on the Word Person" and is available if this Court would like to see a much more detailed breakdown of every aspect of State citizenship in relation to Federal citizenship. That document can be accessed for free without needing to download any files here: https://www.williamsandwilliamslawfirm.com/a-treatise-on-the-word-person

For the above reason, res judicata and claim preclusion is broken by simply the parties aspect alone. A brand new party has appeared and that has never been evaluated or taken into consideration.

**SECTION 5 - REBUTTAL TO DEFENDANT'S CLAIM: "None of the claims for relief in the Complaint are supported by the factual allegations in the Complaint."**

The Defendant's motion to dismiss says such things as "Despite having two courts rule squarely against him on the merits, he continues to make the same factual allegations, i.e, that City is obligated to accept his selfstamped and signed invoices as full payment for his electricity bills, instead of U.S. money" and "None of these claims are supported by a factual allegation, even if accepted as true, that City 'improperly' failed to accept Plaintiff's self-stamped and signed electricity bills as full payment for the electricity he used, instead of U.S. money."

The merits of the concerns in this case have never been discussed. There was a small claims case that was dismissed due to lack of damages to establish a cause of action under "breach of contract." That is literally all that has occurred and the Defendant's advocate, Mr. Arias, is desperately attempting to procedurally discard the issues and concerns of the Plaintiffs without meaningful conversation.

The Defendant is, in fact, obligated to accept notes and drafts under certain circumstances. For example, when a note is issued under the California Commercial Code (hereafter "CCC") § 3105 (Federally: District of Columbia Code § 28:3-105). Mr. Arias is pretending he knows what "U.S. money" is when he actually has no clue and is desperately trying to make sure no one ever finds out. This is why he is working so hard on the procedural end to get these cases to go away, and so far he has been successful. But that doesn't mean it's correct or moral.

CCC § 3414 (Federally: District of Columbia Code § 28:3-414) is entitled "obligation of drawer" and explains the obligations that the Defendant is under each time he issues a draft to the drawee (BRANDON JOE WILLIAMS®). Instead of addressing this situation like a professional, Mr. Arias uses trite and meaningless verbiage in a desperate plea to have the cases dismissed on procedural grounds.

Once the original drafts were accepted by the drawee (BRANDON JOE WILLIAMS®), they were negotiated back to the issuer. The issuer never rejected the draft and so the draft was accepted as per the CCC operation. The Defendant has never attempted to put up any defense to any of this. Mr.

Arias is just glibly parroting off various banal statements without any real substance. This should not be considered a defense. Ignorance is not a defense and you can tell from Mr. Arias' motion that he has not even the slightest clue what money is.

## SECTION 6 - PLEA FOR CLARITY AND CLOSURE

These claims have never had any meaningful conversation or clarity. It is hereby requested that the Motion to Dismiss be denied so that we can actually have a real conversation on the merits of the complaint. Otherwise, the Plaintiffs are being fully barred due process (both at the 5th Amendment level for Brandon Joe Williams and at the 14th Amendment level for BRANDON JOE WILLIAMS®) and we are experiencing nothing more than a denial of justice, total and complete prejudice, and procedural annihilation without the ability to gain any clarity on the law, standardized payments, the operations of negotiable instruments, etc. The commercial codes must be followed and each Court before this one has failed to ensure these codes are complied with.

Frankly, the Plaintiffs feel as though they have been railroaded. Plaintiffs followed the rules of the original small claims case by ensuring that they had proper damages to establish proper causes of action before bringing back the claims and Plaintiffs were shut out, procedurally, instead of gaining clarity and justice. Now, it appears as though the Defendant has gotten de facto immunity for all financial causes of action from this point into the infinite future because, by the logic of the State Court's decision, that original decision in case B (small claims) is essentially barring Plaintiffs from any future claims on entirely separate negotiable instrument damages. That is simply wrong and the Plaintiffs will appeal that case and, if this Court also believes that way, Plaintiffs will be appealing to the 9th Circuit for relief. That is simply false and unacceptable… a travesty of justice. Plaintiffs need clarity on the issues brought in the complaint and there has been almost zero clarity achieved to this point. Without clarity achieved by speaking coherently on the subjects brought in the complaint, the issues will continue onward forever without resolution.

Sept 3, 2026 BRANDON JOE WILLIAMS® and Brandon Joe Williams

By: _/s/ *Brandon Joe Williams, white Californian*_
Brandon Joe Williams, white Californian
On behalf of self and as owner of sole proprietorship
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com
(747) 273-0799