MICHAEL J. GARCIA, CITY ATTORNEY
ANN M. MAURER, CHIEF ASSISTANT CITY ATTORNEY, SBN: 179649
CARL ARIAS, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 205068
613 E. Broadway, Suite 220
Glendale, CA 91206
Telephone: (818) 548-2080
Facsimile: (818) 547-3402
Email: carias@glendaleca.gov

Attorneys for Defendant
CITY OF GLENDALE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRANDON JOE WILLIAMS® (sole proprietorship) and BRANDON JOE WILLIAMS (white Californian),

Plaintiffs,

vs.

CITY OF GLENDALE,

Defendant.

Case No.: 2:26-cv-08035-VBF-ADS

**DEFENDANT CITY OF GLENDALE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Date: October 21, 2026
Time: 10:00 a.m.
Ctrm: 6B

TO PLAINTIFF BRANDON JOE WILLIAMS, IN PRO SE:

Defendant CITY OF GLENDALE ("City") submits the following Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss.

DATED: October 7, 2026

MICHAEL J. GARCIA, CITY ATTORNEY

By: Carl Arias

CARL B. ARIAS
Attorneys for Defendant

It is obvious that Plaintiff's lawsuit is a poorly designed scheme to attempt to obtain free electricity from City.

Firstly, under *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000), *Younan v. Caruso,* 51 Cal.App.4th 401, 406–407 and *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996), Plaintiff is collaterally estopped from making the same arguments that failed in his Small Claims Action and subsequent lawsuit filed in Los Angeles Superior Court. Those courts plainly ruled that City was *not* required to accept Plaintiff's self-stamped electricity bills as full payment for the electricity he used, instead of actual money.

Nowhere in the courts' two rulings does it indicate that Plaintiff lost merely because he "failed to show damages." (City notes that Plaintiff still has not alleged any recoverable damages. He has only alleged that City temporarily turned off his power because he failed to pay his bills.) A plain reading of the two rulings show Plaintiff lost on the merits, with the judge in the Superior Court case clearly indicating that res judicata applied, and Plaintiff is collaterally estopped from repeatedly making the same failed arguments when the issue was already decided by the Small Claims Court.

Secondly, none of the so-called claims for relief in the current federal complaint provide Plaintiff with a vehicle to obtain free electricity. The Complaint fails to state a claim upon which relief may be granted because none of the claims for relief are supported by the mostly unintelligible factual allegations in the Complaint.

Therefore, City respectfully requests the Court grant this motion in its entirety.

DATED: October 7, 2026

MICHAEL J. GARCIA, CITY ATTORNEY

By: Carl Arias

CARL B. ARIAS
Attorneys for Defendant