UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS, et al.<br>Plaintiffs,<br>v.<br>CITY OF GLENDALE.<br>Defendant. | Case No. 2:26-08035 VBF (ADS)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

Before the Court is Defendant City of Glendale's ("Defendant" or "City") Motion to Dismiss Plaintiff's Complaint (the "Motion"). (Dkt. No. 42.) According to the Complaint, this case was brought by Brandon Joe Williams, a "white citizen of California" who is "NOT a resident of California," and BRANDON JOE WILLIAMS®, a sole proprietorship and "citizen of Congress." (Dkt. No. 1, Compl. at 2, 6 (emphasis in original).) The Court refers to the individual and the sole proprietorship as Plaintiff.[1] Plaintiff brought this Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that the City turned off Plaintiff's electricity for about seven hours despite the facts that his electric bill had been paid. (Compl. at 6.) The Complaint asserts fourteen causes of action against the City. (Id. at 7-22.)

Defendant's Motion seeks dismissal of the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiff's claims are barred by collateral estoppel and that Plaintiff's claims are "unsupported by the allegations." (Dkt. No. 9, Mot. at 5-6.) Having considered the Motion, Plaintiff's Opposition, Defendant's Reply, and other relevant pleadings, the Court grants the Motion and dismisses the Complaint without leave to amend.

## II. BACKGROUND

### A. Procedural History

On July 15, 2026, Plaintiff filed the Complaint. (Compl.) On August 27, 2026, the City filed the Motion. (Dkt. Nos. 9, 10.) Plaintiff filed an Opposition. (Dkt. No. 13.)

---

[1] "[A] sole proprietorship has no legal existence apart from its owner[.]" Sharemaster v. SEC, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (quoting Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.4 (4th Cir. 2007)).

Defendant filed a Reply. (Dkt. No. 15.) The Court determined this matter appropriate for a ruling without hearing and took the matter under submission on October 19, 2026. (Dkt. No 18.)

### B. Factual Allegations

The Complaint contains the following factual allegation. Plaintiff lives in an apartment and received electricity from the City. (Compl. at 5-6.) On January 13, 2026, the electricity in Plaintiff's apartment was turned off between approximately 10:00 A.M. and 5:00 P.M. (Compl. at 6.) Plaintiff used a credit card to turn the power back on. (Id.) Plaintiff alleges that all outstanding electric bills had been "satisfied in full" via "negotiable instruments which are classified as drafts." (Id.) It appears from the Complaint that Plaintiff attempted to pay his electric bill using "drafts," which look to be copies of Plaintiff's electric bills affixed with a stamp that reads "WITHOUT RECOURSE Pay to the Order of: Bearer" and signed by Plaintiff. (Id. at 6; Exs. A-C.)

The Complaint asserts fourteen claims against the City. The claims are identified by Plaintiff as follows: (1) Peonage (18 U.S.C. § 1581); (2) Involuntary Servitude (18 U.S.C. § 1584); (3) Forced Labor (18 U.S.C. § 1589); (4) Benefitting Financially from Peonage (18 U.S.C. § 1593A); (5) Deprivation of Rights (Section 1983); (6) and (7) First Amendment freedom of speech violation; (8) and (9) Fourth Amendment unreasonable seizure violation; (10) and (11) Fifth Amendment deprivation of life, liberty, and property violation; (12) Ninth Amendment violation; (13) Thirteenth Amendment violation; and (14) Fourteenth Amendment violation. The Complaint seeks $50,000 in damages in either "negotiable instruments (such as Federal Reserve Notes or other kinds of notes or drafts)" or "gold and silver coins." (Compl. at 23.)

## III. THE MOTION TO DISMISS

The Motion seeks an order dismissing the Complaint. (Mot. at 6.) The Motion seeks dismissal for two reasons. First, the Motion argues that Plaintiff's Complaint is barred by collateral estoppel. (Id. at 5.) The Motion states that Plaintiff has filed three similar lawsuits against the City between 2024 and 2026.[2] (Id. at 3-5.) On August 20, 2024, Plaintiff filed a Complaint before this Court for breach of contract and breach of fiduciary duty, stemming from Plaintiff's alleged payment of his electric bills (the "Federal Case"). (Id. at 3; Dkt. No. 10, Ex. A1.) This Complaint was dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Id.) On June 30, 2025, Plaintiff filed a Complaint in Los Angeles County Small Claims Court, also stemming from Plaintiff's alleged payment of his electric bills (the "Small Claims Case"). (Mot. at 3; Dkt. No. 10, Ex. C.) The Motion argues that "the factual allegations were nearly identical to his current lawsuit. The only difference between the two lawsuits is the dates for service of electricity provided in the two complaints." (Mot. at 3.) This case was dismissed on the merits, with judgment entered in favor of the City. (Dkt. No. 10, Ex. C.) Finally, on January 23, 2026, Plaintiff filed a Complaint in the Los Angeles County Superior Court (the "State Case"). (Mot. at 3; Dkt. No. 10, Ex. E1.) The court found that Plaintiff's claims were barred by res judicata and collateral estoppel. (Mot. at 3-4.) Specifically, the court found that the State Case and the Small Claims Case

---

[2] The City also filed a Request for Judicial Notice in Support of its Motion to Dismiss (the "Request"). (Dkt. No. 10.) The Request asks the Court to take judicial notice of orders filed in Plaintiff's three previous lawsuits against the City. (Id.) Plaintiff did not file an opposition to this Request. The Court may take "judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The Court grants the Request and takes judicial notice of the lodged exhibits.

"involve[d] the same parties and the Small Claims Action proceeded to a final judgment." (Dkt. No. 10, Ex. E1 at 4-5.) The court found that "though the claims in this action are for a different billing period," "the same claims were at issue, such that res judicata and collateral estoppel may apply." (Id. at 5.) The Motion argues that, because the claims here are between the same parties and involve the same underlying facts, the claims are barred by res judicata and collateral estoppel. (Mot. at 5.)

Second, the Motion argues that none of Plaintiff's fourteen claims are supported by the factual allegations listed in the Complaint. (Id. at 6.) The Motion argues that, even if all the factual allegations regarding Plaintiff's electricity bill are taken as true, none of the allegations support any of Plaintiff's claims. (Id.) For these reasons, the Motion argues that Plaintiff's Complaint should be dismissed without leave to amend. (Id.)

In his Opposition, Plaintiff argues that his Complaint is not barred by res judicata because the prior lawsuits involve different electric bills "with no nexus between them." (Dkt. No. 13 at 2-4.) In addition, the Opposition argues that the at-issue Complaint seeks different relief, because "[t]his case has real and tangible damages above and beyond the theft of valuable tendered drafts without consideration." (Id. at 4.) The Opposition argues that Plaintiff's Small Claims Case was only "dismissed for lack of damages," and not on the merits. (Id.) The Opposition also argues that this case involves "specific Federal statutory causes of action" and "specific Constitutional causes of action" which were not present in the previous cases. (Id.) Moreover, the Opposition argues that "[a] brand new party was introduced in . . . the State case, Brandon Joe Williams the white citizen of California," while the "previous small claims case only had one Plaintiff, which was the US citizen and sole proprietorship named BRANDON JOE

WILLIAMS®." (Id.) Finally, Plaintiff argues that the Motion cannot assert that Plaintiff's claims fail on the merits because "[t]he merits of the concerns in this case have never been discussed." (Id. at 10.) The Opposition argues that, pursuant to California Commercial Code § 3414, "once the original drafts were accepted by the drawee (BRANDON JOE WILLIAMS®), they were negotiated back to the issuer. The issuer never rejected the draft and so the draft was accepted as per the CCC operation." (Id.) Plaintiff requests "the Motion to Dismiss be denied so that we can actually have a real conversation on the merits of the complaint." (Id. at 11.)

In its Reply, the City argues that Plaintiff's Complaint "is a poorly designed scheme to attempt to obtain free electricity from the City." (Dkt. No. 15 at 2.) The Reply notes that Plaintiff did not lose his previous claims merely because he "failed to show damages," but rather because he failed to succeed on the merits. (Id.) Therefore, the Reply argues that Plaintiff "lost on the merits, with the judge in the Superior Court case clearly indicating that res judicata applied, and Plaintiff is collaterally estopped" from bringing this case in federal court. (Id.) The Reply restates that "none of the so-called claims for relief in the current federal complaint provide Plaintiff with a vehicle to obtain free electricity" and that the Complaint fails to state a claim upon which relief may be granted. (Id.)

## IV. LEGAL STANDARD

Dismissal is proper under Rule 12(b)(6) when a complaint either fails to allege a "cognizable legal theory or fails to allege sufficient factual support for its legal theories." Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016); see also Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, taking all [his] allegations as true and drawing all reasonable inferences from the complaint in [his] favor." Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2009). However, courts are not bound to accept as true "a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## V. DISCUSSION

### A. Res Judicata

The Motion argues that Plaintiff's claims are barred because claims related to the same events were previously asserted by Plaintiff, decided on the merits, and dismissed. (Mot. at 3-5.) The City points to three previous lawsuits filed by Plaintiff against Defendant with claims arising from Plaintiff's payment of his electric bill, of which the Court has taken judicial notice. (Id.) The Opposition argues that the claims at issue here are not barred because the previous cases involve different dates of electric bills. (Dkt. No. 13 at 4-5.)

The Court agrees that Plaintiff's claims are barred. The doctrine of res judicata, or claim preclusion, "bars litigation in a subsequent action of any claims that were

raised or could have been raised in the prior action." Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Id. (citing Blonder-Tongue Lab. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)). "Federal courts give preclusive effect to issues decided by state courts when a party from a prior state court proceeding attempts to relitigate identical issues in a subsequent federal proceeding." Gage v. Tristan, 1997 WL 76178, at *2 (9th Cir. Feb. 21, 1997) (citing Allen v. McCurry, 449 U.S. 90, 96 (1980)). Whether the two suits involve the same claims require the Court to review four criteria:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). The Court does not apply these criteria mechanistically. Id.

Here, Plaintiff's claims are barred by res judicata. First, this case arises out of the same transactional nucleus of facts as the previous cases. In this case, Plaintiff alleges that "[p]ower to the apartment was turned off on Jan. 13th, 2026 at around 10 AM and remained off until Jan. 13th, 2026 at 5 PM . . . despite the fact that all obligations had been paid and had been timely." (Compl. at 6.) In the State Case, the court summarized Plaintiff's factual allegation that "power to his apartment was turned off on January 13, 2026 from 10:00 a.m. to 5:00 p.m., such that he had to use his credit card to turn the power back on, even though all previous payments had been made." (Dkt. No. 10, Ex. E1 at 1.) In addition, Plaintiff's Small Claims Case alleged claims on

the basis that "Defendant failed to process or dishonored drafts (negotiable instruments) tendered for payment," namely, Plaintiff's attempted payment of his electric bills. (Id. at 4.) Moreover, Plaintiff's argument that the parties are different because both Brandon Joe Williams and BRANDON JOE WILLIAMS® are named Plaintiffs is unfounded and not persuasive. (Dkt. No. 13 at 5-9.) "[A] sole proprietorship has no legal existence apart from its owner," and therefore the Court construes these parties as the same for purposes of res judicata. Sharemaster v. SEC, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (allowing an individual to appear pro se on behalf of his sole proprietorship) (quoting Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.4 (4th Cir. 2007)). In all three of these cases, Plaintiff alleges claims against the same Defendant based on the same factual allegation – that Plaintiff's electricity was turned off despite payment. Therefore, the first Mpoyo factor weighs in favor of dismissal.

Second, if the Court were to proceed on Plaintiff's claims, rights or interests established in the Small Claims Case may be destroyed or impaired. The Small Claims Case proceeded to a final judgment, entered judgment in Defendant's favor, and ordered "Plaintiff to take nothing by virtue of the complaint." (Dkt. No. 10, Ex. C.) This matter was previously adjudicated in the Small Claims Case during a bench trial, which "considered the parties' testimony, as well as evidence presented" and concluded that Plaintiff would "take nothing by virtue of the complaint." (Id.) This case and the previous cases rely on nearly identical factual allegations. In fact, this case and the Small Claims Case arise because of the same unpaid electric bills. (See Dkt. No. 10, Ex. E1 at 1.) Therefore, the second Mpoyo factor weighs in favor of dismissal.

Third, this case and previous cases do not involve infringement of the same right. In the Federal Case, Plaintiff alleged claims for "breach of contract and breach of fiduciary duty." (Dkt. No. 10, Ex. A at 1.) In the Small Claims Case, Plaintiff alleged a breach of contract claim under state law. (Dkt. No. 10, Ex. B at 9.) Finally, in the State Case, Plaintiff alleged claims for nineteen state law claims, including failure to apply as payment legal tender and violation of the California Constitution. (Dkt. No. 10, Ex. E1 at 1-2.) Here, however, Plaintiff alleges fourteen federal causes of action, including peonage, involuntary servitude, deprivation of property, and violation of Plaintiff's freedom of speech. (Compl. at 7-22.) Nevertheless, as addressed below, the facts alleged are insufficient to state a claim for relief on any of Plaintiff's causes of action. The Court finds that the third Mpoyo factor does not weigh heavily against res judicata.

Finally, substantially the same evidence is presented in this case as previous ones. Here, in support of his Complaint, Plaintiff has attached the electric bills which he has signed and attempted to return to Defendant as payment. (Compl., Exs. A – C.) These electric bills were returned to the City affixed with a stamp that reads "WITHOUT RECOURSE Pay to the Order of: Bearer" and signed by Plaintiff serves as payment of Plaintiff's electric bill. (See Compl. at 6, Exs. A-C.) In Plaintiff's Small Claims Case, he attached as an exhibit in support of his complaint "the original cover letter and unconditional orders to pay (drafts) that were sent in to perform on this account, along with their indorsements." (Dkt. No. 10, Ex. B at 9.) These "drafts" are the same electric bills with the same stamp and signature for different billed dates. (Id. at 13-32.) Plaintiff attached the same electric bills, with different billed dates, in support of his complaint in the State Case. (Dkt. No. 10, Ex. D at 47-57.) The Fourth Mpoyo factor

weighs in favor of dismissal. Therefore, Plaintiff's claims are barred by the doctrine of res judicata.

**B. <u>Failure to State a Claim</u>**

The Complaint is dismissed for failure to state a claim. Plaintiff's single factual allegation is insufficient to state a claim for fourteen causes of action. The sole factual allegation in Plaintiff's Complaint is that his apartment's electricity was shut off for a period of approximately seven hours because he attempted to pay his electric bill by re-sending his bill to the City with his signature affixed. (Compl. at 6.) One fact is insufficient to support the fourteen causes of action listed in the Complaint. The Complaint also fails to allege the factual basis for seeking $50,000 in damages. Even construing Plaintiff's sole fact in the light most favorable to Plaintiff, the Complaint fails to plead factual allegations that allows the Court to draw a reasonable inference that Defendant is liable for any alleged causes of action.

In addition, the Complaint contains various arguments that do not apply to the causes of action at issue. For example, the Complaint, and Plaintiff's Opposition to the Motion, spend multiple pages arguing Plaintiff's citizenship, or purported lack thereof. (<u>See</u> Compl. at 2-6; Dkt. No. 13 at 5-9.) The Complaint provides, what the Court can only construe as a history lesson, details of the passing of the Civil Rights Act of 1866 and the 14th Amendment. (Compl. at 4.) In his Opposition, Plaintiff argues that he is "bearing the weight of this country as a succeeding Founding Father" by enjoying the "privileges and immunities of white citizens of the States . . . beyond the 14th Amendment." (Dkt. No. 13 at 9.) These statements are not factual allegations that support Plaintiff's claims. For these reasons, as well as the reasons stated in

Defendant's Motion, the Motion is granted and Plaintiff's Complaint is dismissed in its entirety.

**VI. LEAVE TO AMEND**

The Court has discretion to dismiss a complaint with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). In the Ninth Circuit, courts should grant leave to amend if it appears possible that the defects in the complaint could be corrected. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). If, after careful consideration, it is clear that amendment cannot cure a complaint, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06 (affirming district court's dismissal of the complaint with prejudice pursuant to 28 U.S.C. § 1915(d)). Further, the "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

It is clear from the Complaint that Plaintiff cannot assert facts that plausibly allege a federal claim against Defendant. Plaintiff's claims are barred by res judicata. In addition, the Complaint fails to allege sufficient facts to show Plaintiff is entitled to relief. Therefore, this Complaint cannot be cured.

## VII. CONCLUSION

For the foregoing reasons, it is recommended that the District Judge issue an Order (1) accepting this Report and Recommendation; (2) dismissing the Complaint without leave to amend; and (3) entering judgment accordingly.

IT IS SO ORDERED.

Dated: November 5, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge